IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PTX HOSPITALITY, LLC, | § | No. 5:23-CV-00192-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

The matter before the Court is Defendant AmGUARD Insurance Company's ("AMGUARD or Defendant") Motion for Summary Judgment (Dkt. # 16).  The Court finds this matter suitable for disposition without a hearing.  Upon careful consideration of the arguments raised by the parties in the motions, the Court, for reasons that follow, **GRANTS IN PART** and **DENIES IN PART** AmGUARD's Motion for Summary Judgment.

BACKGROUND

Plaintiff PTX Hospitality, LLC ("PTX") alleges that hail damaged the roof of its property on April 29, 2021.  (Dkt. # 16 at 3, Ex. 1.)  PTX notified Defendant AmGUARD Insurance Company ("AmGUARD") of a wind and hail

1

damage claim on March 21, 2022, nearly eleven months after the alleged hail damage. (Dkt. # 16, Ex. 1, ¶ 5.) The alleged incident occurred on April 29, 2021, which fell within the Policy period of February 8, 2021, to February 8, 2022. (Id., Ex. 1-B.) Defendant assigned adjuster Sedgwick Claim Management Services ("Sedgwick") to determine the extent of damage caused by the reported storm. (Id., Ex. 1, ¶ 6.) Sedwick retained Envista Forensics to complete an expert inspection. (Id., Ex. 1, ¶ 7.)

Sedgwick's report stated that "hail damage appears to have occurred outside the Policy period from a prior historical hailstorm," (Id., Ex. 1-C (the "Sedgwick Report") at 1–2.) Ultimately, Sedgwick prepared an estimate for $7,836.35 in wind damage, recommending a partial denial of the hail damage observed. (Id. at 4–5.) Additionally, the Envista report concluded that no hail or wind reports were made for the reported storm on April 29, 2021. (Id., Ex. 1, ¶ 9; Ex. 1-D (the "Envista Report") at 4.) Based on both expert reports, Defendant determined that wind damage would cost $7,836.35 to repair, which was less than the applicable deductible, and that hail did not damage the property during the Policy period. (Dkt. # 16, Ex. 1-D.) Therefore, Defendant decided not to indemnify Plaintiff for claims related to this loss. (Id.)

Plaintiff sent Tom Witherspoon, a licensed engineer, to inspect the property, and he found hail dents that were about 1.5" to 2" in size. (Dkt. # 18, Ex.

D.)  He verified that a weather report showed that 2" size hail was in the vicinity of the property on April 29, 2021.  (Id.)  The property owner, Dennis Patel, stated that he was notified of a storm by the General Manager and Maintenance Manager.  (Id., Ex. C.)  He further states that, to the best of his knowledge, the Property sustained roof, interior, and stucco damage that was not present before April 29, 2021.  (Id.)  Further, Brett Dyer, a licensed roofer who also inspected the property, determined that there was hail damage from April 29, 2021, for $714,808.77.  (Id., Ex. E.)  Finally, two representatives who were not on the property on April 29, 2021, testified that they recall seeing a severe wind and hailstorm in the nearby area and observing damage to the Property on the day of the storm.  (Id., Exs. F, G).

        PTX filed an action in Texas state court, asserting state-law claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practice Act ("DTPA") and breach of the common-law duty of good faith and fair dealing.  (Dkt. # 1, Ex. A.)  This case was removed to the Western District of Texas on February 14, 2023.  (Dkt. # 1.)

        AmGUARD filed a Motion for Summary Judgment on October 6, 2023.  (Dkt. # 16.)  PTX filed a Response on October 20, 2023.  (Dkt. # 18.)  AmGUARD filed a Reply on October 27, 2023.  (Dkt. # 20.)

## LEGAL STANDARD

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Vann v. City of Southaven, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); see also Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604 (5th Cir. 2018) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" Nola Spice Designs, LLC v. Haydel Enter., Inc., 783 F.3d 527, 536 (5th Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" Kim v. Hospira, Inc., 709 F. App'x 287, 288 (5th Cir. 2018) (quoting Nola Spice Designs, 783 F.3d at 536). While the movant must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. Austin v. Kroger Tex., L.P., 864 F.3d 326, 335 (5th Cir. 2017)

(quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)).  A fact is material if it "might affect the outcome of the suit."  Thomas v. Tregre, 913 F.3d 458, 462 (5th Cir. 2019) (citing Anderson, 477 U.S. at 248).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  Jones v. Anderson, 721 F. App'x 333, 335 (5th Cir. 2018) (quoting Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010)).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  Infante v. Law Office of Joseph Onwuteaka, P.C., 735 F. App'x 839, 843 (5th Cir. 2018) (quoting Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014)).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017) (quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005)).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019).

Additionally, at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P.

56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir. 2017). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Houston, 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

Defendant argues that it did not breach its policy with PTX because there is no evidence that the Property was damaged by hail on April 29, 2021. (Dkt. # 16 at 6.) Alternatively, Defendant argues that PTX has failed to present any evidence segregating the damage from the alleged April 29, 2021 storm and prior damage. (Dkt. # 16 at 11.)

Additionally, Defendant asks this Court to dismiss the Texas Insurance Code and Texas DTPA claims on summary judgment because Defendant conclusively established that PTX was not entitled to the Policy's benefits. (Id. at 12–13.) Lastly, Defendant alleges that the breach of good faith and fair dealing claims should be dismissed because there is no evidence that Defendant acted in bad faith. (Dkt. # 16 at 13–15.)

I.   Breach of Contract

Defendant moves for summary judgment on the breach of contract claim, asserting that PTX did not produce sufficient evidence that the storm

occurred within the Policy's period of February 8, 2021 to February 8, 2022. (Dkt. # 16.)

PTX "bears the burden of establishing that the Policy covers its claims." See Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C., 892 F.3d 167, 170 (5th Cir. 2018). If an insured fails to meet this burden, the insurer is entitled to summary judgment. Id.

Defendant argues that PTX does not have enough evidence to show it suffered a covered loss during the Policy period for several reasons: 1) the court has excluded PTX's expert; 2) PTX admitted that no known individuals were present at the incident; and 3) the unverified hail map that PTX relies on as evidence of a hailstorm is not competent summary-judgment evidence. (Dkt. # 16 at 7–10.) Moreover, Defendant claims a hailstorm did not occur during the Policy period, specifically citing NOAA weather reporting indicating no reported hailstorms in Pearsall on April 29, 2021. (Dkt. # 16 at 10–11.)

First, Brett Dyer, a certified engineer, testified that there was hail damage that appeared to have occurred "within approximately 8-12 months prior to [his] visit." (Dkt. # 18, Ex. 5, ¶5.) But Plaintiff does not point the Court to the date of his visit. The record does not appear to contain the date of his visit or any other statement by Dyer that the hail damage occurred on the date of the storm. The only date that is related to Dyer's estimate is the date that the estimate was

7

"entered," which was July 20, 2022.  The Court will not infer that the date the estimate was entered is the same as the date of Dyer's visit.  Plaintiff erroneously states that "Mr. Dyer's testimony is that there is damage from April 29, 2021 to Plaintiff's property from hail in the amount of $714,808.77."  (Id. at 9.)  This is not accurate, and the court cannot locate in the summary judgment record where Dyer opined as such.

The property owner, Dennis Patel, stated that there was a wind and hailstorm that caused building damage to the property and that he was "notified of said storm and damage by [his] General Manager and Maintenance Manager."  (Dkt. # 18, Ex. C.)  Defendant argues that this statement is hearsay and should not be considered on summary judgment.  (Dkt. # 20 at 5.)  At summary judgment, evidence does not need to be authenticated or otherwise presented in admissible form.  Maurer v. Indep. Town, 870 F.3d 380 (5th Cir. 2017).  That said, "[h]earsay is not competent summary judgment evidence…unless its proponent can show that the statement can be presented in an admissible form at trial."  Miller v. Michaels Stores, Inc., 98 F.4th 211 (5th Cir. 2024).  Patel's statement that he was "notified of said storm" by the General and Maintenance Manager is hearsay.  The statement was made by the managers out of court, and is being offered to prove the truth of the matter asserted – which is that a storm occurred on April 29, 2021. While it is possible that this statement could be presented in admissible form at trial, as it

8

could plausibly be the managers' present sense impression of the storm, Plaintiff has failed to show that the statement would meet this exception.  See FED. R. EVID. 803(1).  The statement only says that Plaintiff was notified of the storm but does not state when or where he was notified, so Plaintiff has not shown that the statement is a present sense impression.  (See Dkt. # 18, Ex. C.)  Therefore, Plaintiff has not shown how his statement would overcome the hearsay objection and therefore be admissible at trial to prove that a storm occurred on April 29, 2021.  See id.  For this reason, the Court will not consider this statement for the purpose of summary judgment.

   Plaintiff also references opinions made by Thomas Witherspoon.  However, his expert opinion was excluded by Judge Bemporad, subject to reconsideration "should Plaintiff present additional facts or data." (Dkt # 14 at 1.)  The argument was re-raised on a Motion for Reconsideration, which Judge Bemporad denied without prejudice, pending the outcome of this Motion.  (Dkt. # 26.)  Therefore, this Court will not consider Witherspoon's opinions for this Motion.

   Plaintiff also argues that the mere fact that Defendant adjusted for $7,836.35 of wind/hail damage in its original adjustment of this claim is more than a mere scintilla of evidence that Plaintiff did sustain a covered loss during the Policy period.  (Dkt. # 18 at 8.)  However, this argument is unpersuasive because

9

Defendant issued a "partial denial"—accepting coverage for minor wind damage but denying coverage for hail damage.  (Dkt. # 16 at 66.)  Defendant did not intend to provide coverage for the hail damage during the period but was simply adjusting for wind damage.

Despite these flaws in some of Plaintiff's summary judgment evidence, there is still enough evidence to show that there is at least a genuine issue of material fact as to whether the Property sustained hail damage on April 29, 2021.

Plaintiff supports its claim with the testimony of two business representatives, Inez Gonzalez and Bernice Ayala.  (Dkt. # 18 at 10.)  Inez Gonalez was the maintenance engineer at the Property.  (Id., Ex. F at 1.)  In her affidavit, Inez Gonzalez stated that she was at the property on April 29, 2021, she personally observed the storm, and she inspected and temporarily repaired the damage to the building.  (Id.)  She claims that she "go[es] on the roof at least once a month," and that she saw damage after the April 29, 2021 storm that she had never previously observed.  (Id.)  She also states that the building had interior leaks that were not present before the April 29, 2021.  (Id.)  Ayala, the General Manager of the Property, stated that she also personally inspected the damage to the building on April 29, 2021 and clearly recalls the storm in question and details surrounding the storm.  (Dkt. # 18 at 7.)

Defendant argues that neither Gonzalez nor Ayala's affidavits should be considered as competent summary judgment evidence because they weren't disclosed in Plaintiff's Rule 26 Initial Disclosures. (Dkt. # 20 at 7.) However, Plaintiff listed PTX Hospitality as a party with knowledge regarding the loss, putting Defendant on notice that Plaintiff intended to use the testimony of corporate representatives of PTX Hospitality. Other courts have found that this is sufficient to comply with Rule 26(a), and this Court agrees. See Jones v. RealPage, Inc., No. 3:19-CV-2087-B, 2020 WL 6149969 (N.D. Tex. Oct. 19, 2020) (denying motion to exclude business representative because they were not personally identified in the defendant's Rule 26 initial disclosures).

Patel also stated that there was interior and stucco damage that, "to the best of [his] knowledge, was not present before April 29, 2021." (Dkt. # 18, Ex. C.) If taken as true, this testimony also creates a fact issue as to whether the Property was damaged on April 29, 2021. However, Defendant claims that Patel's affidavit should be disregarded under the sham-affidavit rule because it contradicts his verified interrogatory answers. Specifically, Defendant references Patel's answer where he stated that he filed his insurance claim on March 22, 2022 "as soon as [he] was made aware that the storm damaged the property[.]" (Dkt. # 18, Ex. 9.) Defendant argues this contradicts his statement in his affidavit that he was "notified of [April 29, 2021] storm and damage by [his] General Manager and [his]

11

Maintenance Manager." (Dkt. # 18, Ex. 3.) The affidavit will not be stricken because these statements are not directly contradictory. Cf. Aqua Vitae Tr. v. AIX Specialty Ins. Co., No. MO:21-CV-00072-DC, 2022 WL 2902724 at *3 (W.D. Tex. May 1, 2022) (striking an affidavit where the affidavit was executed after the discovery period and directly contradicted Plaintiff's admissions). While unlikely, it is possible that the General Manager and Maintenance Manager did not notify Patel of the damage until March 22, 2022. Therefore, the Court will not inflict the harsh remedy of striking the affidavit under the sham-affidavit rule and will leave the credibility dispute to the factfinder.

In sum, the sworn[1] testimony of Patel, Gonzalez, and Ayala creates a genuine issue of material fact as to whether the Property sustained hail damage on April 29, 2021.[2] Though Defendant points to NOAA weather records that states

---

[1] Defendant asserts that the affidavits may not be considered because the affidavits do not state they were made under the penalty of perjury. (Dkt. # 20 at 7.) The affidavits here were all "sworn" and made "upon oath" and therefore meet this requirement, even though the affidavits do not explicitly say they were made "under penalty of perjury." Only unsworn declarations are required to specifically state that they were made under penalty of perjury. Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300 (5th Cir. 1988) (citing 28 U.S.C. § 1746).

[2] Defendant argues that the affidavits are facially defective because the signatures have either electronic or typed signatures, indicating that the affiant did not "personally appear" and sign before the notary. (Dkt. # 20 at 4.) However, all of the affiants state under oath that each affiant "personally appeared" before the notary. (Dkt. # 18, Exs. 3, 5, 6, 7.) The only indication that there may not have been a personal appearance of the witnesses is the use of electronic signatures. Yet Texas law, electronic signatures are to be given the full force and effect of a wet-

there were no reported hailstorms in Pearsall during Plaintiff's policy period, this evidence must be viewed against the testimony of fact witnesses by a jury.

Alternatively, Defendant argues that, even if a hailstorm occurred on April 29, 2021, Plaintiff does not produce enough evidence to allow the jury to distinguish damages that were inflicted within the policy period from damage inflicted outside the policy period.  (Dkt. # 16 at 11.)

When covered and excluded events combine to cause an injury, Plaintiff must present some evidence to give the jury a "reasonable basis" on which to allocate the damages.  Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C., 892 F.3d 167 (5th Cir. 2018) (citing Lyons v. Millers Cas. Ins. Co. of Tex., 866 S.W.2d 597 (Tex. 1993)).  It is only where the insured cannot

---

ink signature.  Tex. Bus. & Com. Code Ann. § 322.007 ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.")  And federal courts have applied state law when determining notary requirements for affidavits.  See e.g., Kuenzler v. Pampur, No. 1:08-CV-783, 2012 WL 2244330 (S.D. Ohio June 15, 2012), report and recommendation adopted, No. 1:08-CV-783-HJW, 2013 WL 55632 (S.D. Ohio Jan. 3, 2013) (applying Ohio notary laws); In re Ulmer, 363 B.R. 777 (Bankr. D.S.C. 2007) (applying South Carolina notary laws). The Court will not assume that the declarant and the notary are all submitting falsehoods about their personal appearances in the sworn affidavit solely because electronic signatures were used.  After all, falsely claiming that a witness appeared before a notary is a serious offense which may result in criminal sanctions.  Martin v. Frail, No. SA-09-CA-695-OG, 2010 WL 11506662 at *4 (W.D. Tex. Oct. 28, 2010) (citing Wise v. Cain, 212 S.W.2d 880 (Tex. App.—Austin 1948, writ ref'd n.r.e.)).   Therefore, the notarized, sworn affidavits will not be invalidated by this Court simply because the affidavits contain electronic signatures.

produce any evidence at all with regard to differentiating between covered and non-covered damages that his claims are subject to judgment as a matter of law on that basis. Companion Prop. & Cas. Ins. Co. v. Opheim, 92 F. Supp. 3d 539, 548 (N.D. Tex. 2015) (citing Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co., 130 S.W.3d 181, 198 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). Otherwise, allocation is a fact question. Id.

Here, there is at least some evidence that provides the jury with a reasonable basis to allocate the damages. Plaintiff is not required to submit "overwhelming evidence" to allow a jury to reasonably allocate damages. Fiess v. State Farm Lloyds, 392 F.3d 802, 808 (5th Cir. 2004). A jury could reasonably find that some damage occurred due to the April 29, 2021 storm because the business representatives directly observed damage on the day of the storm. (Dkt. # 18, Exs. 6, 7.) Additionally, the owner testified that there was stucco damage that was not present before the storm. (Dkt. # 16 at 11.) Therefore, the Court denies Defendant's Motion for summary judgment on the breach of contract claim.

II.     Texas Insurance Code and DTPA Violations

Plaintiff also alleges that Defendant violated Section 541.060 of the Texas Insurance Code when it "wrongfully denied the fully covered damages," when it misrepresented that "all the damages to its property were not covered under its insurance policy," when it failed to explain "why payment was not being

14

made for its full covered loss," when it delayed in paying the claim, and when it failed "to pay an amount that would put Plaintiff to its pre-loss condition." (Dkt. # 1 at 6–7.) Additionally, Plaintiff alleges that Defendant violated the Texas Deceptive Trade Practice Act ("DTPA") when it "failed to pay an amount that would put Plaintiff to its pre-loss condition." (Id. at 8.) Defendant argues that because all of Plaintiff's "extra-contractual claims" are predicated on a right to receive benefits under the Policy, and Plaintiff did not establish the right to benefits under the Policy, the extra-contractual claims should be dismissed. (Dkt. # 13 at 13.)

"An insured cannot recover any damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits." USAA Tex. Lloyds Co. v. Menchaca, 545 S.W.3d 479, 500 (Tex. 2018).

As analyzed above, Plaintiff has produced enough evidence that a reasonable fact finder could find that it is entitled to Defendant Policy's benefits. If the reasonable fact finder could find that it was entitled to the Defendant's policy benefits, then the claims regarding violations of the Texas Insurance Code and the DTPA should not be dismissed as a matter of law. Accordingly, Defendant's motion for summary judgment concerning Plaintiff's statutory violations of the Texas Insurance Code and the DTPA is denied.

III.    Good Faith and Fair Dealing

        Plaintiff also claims that Defendant violated the common law duty of good faith and fair dealing. (Dkt. # 16 at 11.) Defendant argues that claims fail because it had a reasonable basis to deny coverage, as shown by the damages calculated by their adjuster falling well below the Policy's deductible. (Dkt. # 16 at 13–15). Defendant states that there is no evidence to support that it knew or should have known that it was reasonably clear that the Policy covered Plaintiff's claim based on Defendant's information, findings, analysis, conclusions, and photographs in the reports. (Id. at 14.)

        To recover on a breach of duty of good faith and fair dealing claim, under statute or the common law, PTX must prove that Defendant (i) had no reasonable basis to deny coverage, and (ii) knew or should have known that it was reasonably clear that the claim was covered. Universal Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 (Tex. 1997). Therefore, Defendant is not automatically liable for breach of good faith and fair dealing just because the insurer breached its contract by erroneously denying a claim. U.S. Fire Ins. Co. v. Williams, 955 S.W.2d 267, 268 (Tex. 1997) (per curiam).

        A bad-faith claim fails as a matter of law if, based on the facts available to the insurer at the time of the denial, there was a "bona fide dispute" as to coverage. See Lee v. Caitlin Specialty Ins. Co., 766 F. Supp. 2d 812, 818 (S.D.

16

Tex. 2011). This is the case here. Defendant denied payment based on the calculations made by the adjuster. Based on both expert reports, Defendant determined that wind damage would cost $7,836.35 to repair, which was less than the applicable deductible, and that hail did not damage the property during the Policy period. (Dkt. # 16, Ex. 1, ¶ 10, Ex. 1-D.) Defendant relied on expert reports and its adjuster, and there is still a bona fide dispute over the extent of damage, if any, sustained in the Policy period. Moreover, PTX does not offer evidence that Defendant acted unreasonably or without proper cause by denying the claim. (See Dkt. # 18 at 13.) Accordingly, this Court grants summary judgment and holds that PTX's bad faith claims fail as a matter of law.

## CONCLUSION

For these reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant AmGUARD's Motion for Summary Judgment. Plaintiff PTX's breach of contract, Texas Insurance Code, and Texas DTPA claims shall not be dismissed. However, the breach of good faith and fair dealing claim shall be dismissed with prejudice.

**Dated**: San Antonio, Texas, July 3, 2024.

_____
David Alan Ezra
Senior United States District Judge